**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

WÄRTSILÄ NSD NORTH AMERICA, INC.,   :
      Plaintiff,                     :          Civil Action No. 99-4565
                                    :
      v.                          :               **OPINION**
                                    :
HILL INTERNATIONAL, INC.,         :
      Defendant.                  :

**Appearances:**

    Michael O. Adelman, Esquire
    Mark R. Galdieri, Esquire
    Drinker Biddle & Reath, LLP
    500 Campus Drive
    Florham Park, NJ 97932-1047
        Attorneys for Plaintiff

    David L. Braverman, Esquire
    Braverman Daniels Kaskey Ltd.
    1650 Market Street, 21st Floor
    Philadelphia, PA 19103

    J. Ian Downes, Esquire
    M. Frances Ryan, Esquire
    Dechert LLP
    Princeton Pike Corporate Center
    PO Box 5218
    Princeton, NJ 08543
        Attorneys for Defendant

**RODRIGUEZ, Senior District Judge**

This matter comes before the Court on Plaintiff Wärtsilä NSD North America, Inc.'s

("Wärtsilä") Motion in Limine [204] to preclude the March 2, 2005 deposition testimony of John

H. Clegg, Esquire. For the reasons expressed herein, the motion will be denied.

1

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The underlying facts of this case are well known to this Court and are set forth at length at

Wärtsilä NSD N. Am. v. Hill Int'l, Inc., 269 F. Supp 2d 547, 549-51 (D.N.J. 2003).  Only those

facts relevant to this motion will be set forth below.

On June 22, 2004, this Court[1] affirmed the ruling of Magistrate Judge Rosen, which held

that the written correspondence between John H. Clegg, Esquire ("Clegg") and Wärtsilä were

privileged.  Wärtsilä NSD N. Am. v. Hill Int'l, Inc., No. 99-4565, slip op. at 2 (D.N.J. June 22,

2004).  The Court reasoned that Hill had failed to establish that the subject matter of the

documents was undiscoverable by other, less intrusive means.  Wärtsilä, slip op. at 14, 16.  As a

result, on March 2, 2005, Hill deposed Clegg with regard to his recollection of the information

contained in the privileged correspondences. (Pl. Br., Decl. of Michael O. Adelman, Esquire,

Exh. A.)  Wärtsilä contends that it "did not permit [Clegg] to review the privileged documents to

refresh his recollection.  To have done so would have resulted in a demand for their immediate

production.  Instead, [Clegg] testified based on his best recollection, and without the privileged

documents."  (Pl. Br., p. 1.)

After the deposition, Hill moved before Magistrate Judge Rosen for reconsideration of his

denial of Hill's motion to compel production of the privileged documents that Clegg referred to

during his deposition.  Magistrate Judge Rosen held that Wärtsilä had failed to provide Hill with

an alternative source for the discovery of the information contained in the privileged documents,

and therefore, granted the motion for reconsideration and ordered Wärtsilä to produce the

documents that had previously been protected.  Wärtsilä NSD N. Am. v. Hill Int'l, Inc., No. 99-

---

[1]The Opinion and Order were signed by Judge Brotman, U.S.D.J.

4565, slip op. at 6 (D.N.J. June 29, 2005).  The court reasoned that Clegg's deposition testimony

"revealed that his memory was less than perfect on issues central to Wärtsilä's claims."  Id.

Wärtsilä argues that the deposition testimony of Clegg regarding the content of the

correspondence should be excluded as irrelevant pursuant to Fed. R. Evid. 401, 402 and as

prejudicial pursuant to Fed. R. Evid. 403.  Hill argues that, although it is premature to determine

relevancy, the testimony is most likely relevant, and that the prejudice argument is meritless

because Clegg was produced as a corporate designee, pursuant to Fed. R. Civ. P. 30(b)(6).  These

arguments will be taken in turn.

## DISCUSSION

### A.  Relevance under Fed. R. Evid. 401, 402

Fed. R. Evid. 401 defines relevant evidence as:

> evidence having any tendency to make the existence of any fact that
> is of consequence to the determination of the action more probable or
> less probable than it would be without the evidence.

Fed. R. Evid. 401 (1975).  Fed. R. Evid. 402 states that:

> [a]ll relevant evidence is admissible, except as otherwise provided by
> the Constitution of the United States, by Act of Congress, by these
> rules, or by other rules prescribed by the Supreme Court pursuant to
> statutory authority.  Evidence which is not relevant is not admissible.

Fed. R. Evid. 402 (1975).

The Advisory Committee's Notes to Fed. R. Evid. 401 state that "relevancy is not an

inherent characteristic of any item of evidence but exists only as a relation between an item of

evidence and a matter properly provable in the case.  Because the rule makes evidence relevant if

it has any tendency to prove a consequential fact, it follows that evidence is irrelevant only when

3

it has <u>no</u> tendency to prove the fact." <u>Spain v. Gallegos</u>, 26 F.3d 439, 452 (3d Cir. 1994) (citing 22 CHARLES A. WRIGHT & KENNETH W. GRAHAM, JR., FED. PRAC. AND PROC.: EVID. § 5166, at 74). The Third Circuit held that "the rule, while giving judges great freedom to admit evidence, diminishes substantially their ability to exclude evidence as irrelevant." <u>Id.</u>

Wärtsilä argues that Clegg's deposition testimony has no tendency to prove a fact at issue because it was made without the benefit of reviewing the then-privileged documents. (Pl. Br., p. 7.) However, Wärtsilä represented to Magistrate Judge Rosen that Clegg "will [] provide testimony regarding the assessments that he gave to Wärtsilä regarding the strengths and weaknesses of both Wärtsilä's claims (before and after the LeFebvre perjury) and BVI's counterclaims (again, both before and after the LeFebvre perjury)." <u>Wärtsilä</u>, No. 99-4565, slip op. at 3 (D.N.J. June 29, 2005) (quoting (Pl. Opp., p. 4)). It cannot be said that Clegg's sworn deposition testimony has no tendency to prove the facts of his assessments. Therefore, the Court finds that the testimony is relevant.

## B. Prejudicial Value

Fed. R. Evid. 403 states that:

> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (1975). Wärtsilä argues that Clegg's deposition testimony is unfairly prejudicial, confusing and misleading to the jury, and a waste of time. (Pl. Br., p. 11.)

### 1. Unfair prejudice

Evidence is unfairly prejudicial "if it has 'an undue tendency to suggest decision on an

4

improper basis, commonly, though not necessarily, an emotional one.'" Carter v. Hewitt, 617

F.2d 961, 972 (3d Cir. 1980) (quoting Advisory Committee's Note, Fed. R. Evid. 403).  That is,

when "it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to

punish,' or otherwise 'may cause a jury to base its decision on something other than the

established propositions of the case.'" Id. (quoting 1 J. Weinstein & M. Berger, Weinstein's

Evidence, p. 403 (03) at 403-15 to 403-17 (1978)).  Therefore, Fed. R. Evid. 403 does not offer

protection against evidence that is merely prejudicial, in the sense of being detrimental to a

party's case; rather, it only protects against evidence that is unfairly prejudicial.  Id.

Wärtsilä has failed to prove that the introduction of Clegg's deposition testimony will be

unfairly prejudicial.  The inconsistencies between his deposition testimony and the underlying

documents may adversely affect Clegg's character for truthfulness; however, that is precisely the

reason for admissibility of such evidence.  Fisher v. Accor Hotels, Inc., No. 02-8576, 2004 WL

231289 (E.D.Pa. Feb. 2, 2004).  Wärtsilä will have an opportunity to rehabilitate Clegg, if

necessary, as to why such inconsistencies exist.  Therefore, the Court finds that the probative

value of the deposition testimony is not outweighed by the prejudicial value.

### 2.  Confusion of Issues, Misleading to the Jury, and Waste of Time

While it is true that Fed. R. Evid. 403 gives the district courts discretion to exclude

evidence when its probative value is outweighed by its potential to confuse the issue, mislead the

jury or waste time, Wärtsilä has been unable to prove that this danger is present here.  Relying on

Lucas v. Betchel Corp., 800 F.2d 839 (9th Cir. 1986), Wärtsilä argues that introduction of

Clegg's deposition testimony will turn the issue of his credibility into a "sideshow".  (Pl. Br., p.

11.)  However, Wärtsilä's reliance on Lucas is misplaced.  In Lucas, the Ninth Circuit affirmed

the district court's decision to exclude testimony that would impeach the "official minutes" of several board meetings.  800 F.2d at 849.  The court reasoned that "generally, official minutes of meetings are considered the best evidence of business transacted."  Id. (citing Farber v. Servan Land Co., 662 F.2d 371, 379 (5th Cir. 1981)).  However, here, the deposition testimony would be offered to test Clegg's credibility, whose statements, both in his deposition and his opinion letters, will be a key issue before the jury.  Unlike the "official minutes" in Lucas, Clegg's opinion letters are not of the same nature, and are not afforded the same deference.  Therefore, the Court finds that the probative value of the deposition testimony is not outweighed by its potential to confuse the issue, mislead the jury or waste time at trial.  Accordingly, Wärtsilä's motion in limine will be denied.

## CONCLUSION

Based on the foregoing, Wärtsilä's Motion in Limine [204] to preclude the introduction of Clegg's deposition testimony will be denied.

An appropriate Order will issue this date.


/S/ Joseph H. Rodriguez
Joseph H. Rodriguez, U.S.D.J.


Dated: December 14, 2005